Opinion by
Mr. Justice Pringle.
The parties appear here in the reverse order of their appearance in the trial court. Plaintiff in error will be *345 referred to as the wife or Flora and defendant in error as the husband or Anthony.
Flora and Anthony were married in 1941. Two children were born as issue of this marriage which lasted until January 1957, when the parties separated. At the time of their separation, the husband and wife had accumulated property which consisted of an interest in cattle, an interest in real estate located at Pass Creek, Colorado, a house located in Gardner, Colorado, worth, approximately $1500.00, and the family home in Walsenburg worth about $5,000.00, in which they had an equity of only $100.00.
After the separation, the two children continued to live with the husband in the family home and the wife' came to Denver seeking employment. In October 1957, the husband filed a complaint seeking a divorce from the wife. On October 17, 1961, some four years later, a decree of divorce was granted to the husband and custody of the two children awarded to him. The court retained jurisdiction for the purpose of making orders regarding property division, support payments and alimony.
Thereafter, a hearing was held to determine an equitable division of the property, support payments and alimony. The parties did not agree on the value of the marital assets. According to the husband, their total worth was not more than $4480.00 less the amount of indebtedness of not less than $1500.00 nor more than $2500.00. The trial court’s findings of value are in accord, with the husband’s testimony. The trial court ordered the husband to continue to make the monthly payments on the family home and gave him the exclusive use and. occupancy of the said home for himself and the two children until August 1, 1964, at which time the husband, would be required to reduce the balance of the indebtedness on the home to $1000.00 and to execute a quit claim deed conveying this property to the wife.
The effect of the order was to give the wife an inter *346 est in the marital property having a value of $4000.00 which would become vested in her two years after the date of the hearing. The husband was to retain ■ any interest he had in the cattle and the land at Pass Creek and the house at Gardner. No alimony was awarded to the wife since, she was earning $303.00 per month at her employment. The wife brings writ of error here, asserting that the award of the trial court was inadequate and that the trial court abused its discretion in postponing delivery to her of'her share in the marital property until August 1, 1964.'
We have declared so many times as to need no citation of authority, that the division of property between a husband and wife in a divorce action lies within the sound discretion of the trial court and will not be disturbed unless a clear abuse of such discretion is shown. The trial court’s judgment, which in effect gave to the wife property of the value of $4000.00 when the court found the entire marital estate was of the value of approximately $2500.00, was certainly most generous to the wife and is in direct contravention of her- assertion here that the division was inequitable.
Nor can we say that the trial court’s order, which delayed the payment to the wife of her share of the marital property until August 1, 1964, was, under the circumstances of this case, an abuse of discretion. It was certainly the trial court’s duty to concern itself with the welfare of the children involved and to that welfare the property rights and personal desires of the parents was indeed subservient. The children were with the father at the family home. The mother was working in Denver away from the family home, and the trial court wisely postponed the mother’s desire to liquidate this estate until such time as it would be in the best interests of the children.
Moreover, by requiring the husband to reduce the debt on the house to $1,000.00 at the time of the delivery of the deed to the wife, the court has provided her-.with *347 an amount of property for her own use which is valued at twice the amount which the court found to be the entire value of the marital property. It is abundantly clear that the trial judge here not only did not abuse his discretion in postponing delivery of the house to the wife until August of 1964, but acted properly in the manner in which he safeguarded the interests of all of the parties involved.
The judgment is affirmed.
Mr. Chief Justice McWilliams and Mr. Justice Day concur.